# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

**JOSHUA SMITH**       )
                       )
    **Plaintiff,**    )
                       )
**vs.**                ) CASE NO. _____
                       )
**FISHHAWK ANDERSON, INC.**   )
                       )
    **Defendant.**    )

## COMPLAINT

COMES NOW, Joshua Smith, Plaintiff in the above-styled action, and files his Complaint against Defendant Fishhawk Anderson, Inc. and states as follows:

### PARTIES

1. Plaintiff, Joshua Smith, is above the age of nineteen (19) and is a resident of Madison County in the State of Alabama.

2. Defendant, Fishhawk Anderson, Inc., is a foreign corporation, doing business by registered agent in the State of Alabama.

### JURISDICTION AND VENUE

3. All of the events, transactions or occurrences which gave rise to Plaintiff's claims took place in this Judicial District. Therefore, venue is proper in this district and this division pursuant to 28 U.S.C. § 1391(b)(1).

4.	Federal jurisdiction exists as this action arises under TITLE VII of the CIVIL RIGHTS ACT of 1964, as amended, 42 U.S.C. §§ 2000e - 2000e-17, the CIVIL RIGHTS ACT of 1991, 42 U.S.C. § 1983a, and Section 1 of the CIVIL RIGHTS ACT of 1866, as amended, 42 U.S.C. § 1983, 42 U.S.C. §12101 *et seq*.

5.	This Court maintains subject matter jurisdiction under 42 U.S.C. § 2000e-5(f) and 28 U.S.C. § 1343(a)(4).

## CONDITIONS PRECEDENT

6.	Plaintiff has exhausted all administrative remedies, as mandated by 29 U.S.C. § 626(d)(1), by filing a Charge of Discrimination with the Equal Employment Opportunity Commission on alleging discrimination by Defendant, a copy of which is attached hereto as Exhibit A and its terms incorporated by reference as if fully set out herein.

7.	The Equal Employment Opportunity Commission subsequently issued Plaintiff a Right to Sue Letter and a copy of which is attached hereto as Exhibit B and its terms incorporated by reference as if fully set out herein.

8.	Plaintiff has satisfied all conditions precedent to the filing of the instant Complaint.

## FACTS

9.	Plaintiff restates and realleges the allegations contained in paragraphs 1 through 8 as if fully set out.

10. Plaintiff, Joshua Smith is an Asian-American individual.

11. Plaintiff was hired by the Defendant, Fishhawk Anderson, Inc., as a manager in or around January 2017. In January 2018, he was promoted to Regional Manager.

12. In or around June, 2019, Plaintiff was diagnosed with a serious illness and told his supervisors.

13. In or around May of 2021, he developed a complication due to his illness and had to take off for several weeks. At that time, he used his accrued vacation time. In or around this time, Doug Anderson, one of the owners, began working at Fishhawk in an active role.

14. On or about July 20, 2021, Plaintiff tried to return and told the other managers he was back and working for the rest of the year.

15. At one point, Doug Anderson called Plaintiff and told him that he heard that Plaintiff was coming back, and he said Plaintiff's position was not needed but offered to keep him working as a consultant. Plaintiff requested a schedule, but Plaintiff didn't hear from Doug Anderson again. He was not offered or allowed to take leave under the Family Medical Leave Act.

16. After Doug Anderson began working at Fishhawk Anderson, Defendant began to eliminate all employees of color from management.

17. Later, around the same time as Plaintiff realized they were never going to have him back or provide him any work as a consultant, he learned that the other two other members of upper management had been terminated: an African American named Alvintae Kirksey and an African American named Deandric Stevenson. All three were replaced by Caucasians. At that time, Plaintiff and the other two were the only people of color in upper management.

### CAUSES OF ACTION

### Count I
### Race Discrimination Under
### Title VII of the Civil Rights Act of 1964

18. Paragraphs 1 through 17 are incorporated by reference herein as if set out in full.

19. Defendant engaged in a discriminatory practice or discriminatory practices against Plaintiff based on his race with malice or reckless indifference to the Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended.

20. The actions of Defendant Fishhawk Anderson violated Title VII of the Civil Rights Act of 1964, as amended.

21. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and is now suffering and will continue to suffer irreparable harm and injury from their treatment by the Defendant.

22. Plaintiff has and will continue in the future to suffer pecuniary losses as a direct result of Defendant's violation of Title VII of the Civil Rights Act of 1964, as amended.

23. Plaintiff has suffered, is now suffering, and will continue to suffer emotional distress, pain, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses as a direct result of Defendant's violation of Title VII of the Civil Rights Act of 1964, as amended.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant Fishhawk Anderson, Inc., for compensatory and punitive damages, interest, costs of this action, and such other legal and equitable relief as this Court deems necessary and proper.

## Count II
## Race/National Origin Discrimination
## In Violation Of   42 U.S.C. § 1981

24. Plaintiff incorporates by reference and realleges paragraphs 1 through 17 as if set forth herein.

25. The actions and inactions of the Defendant constituted discrimination on account of Plaintiffs' race.

26. The Defendant purposefully and intentionally discriminated against the Plaintiff on account of his race.

27. The actions and inactions of the Defendant constituted discrimination against Plaintiff in the making and/or enforcing of a contract, as the same is defined in 42 U.S.C. § 1981, as amended.

28. The actions and inactions of the Defendant violated 42 U.S.C. § 1981, as amended.

29. Plaintiff has suffered, are now suffering, and will continue to suffer emotional distress, pain, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses as a direct result of the Defendant's violation of 42 U.S.C. § 1981, as amended.

30. Plaintiff has and will continue in the future to suffer pecuniary losses as a direct result of the Defendant's violation of 42 U.S.C. § 1981, as amended.

**PRAYER FOR RELIEF UNDER TITLE VII AND 42 U.S.C. § 1981**

WHEREFORE, Plaintiff prays that this Court:

a. Declare the conduct engaged in by the Defendant to be in violation of the Plaintiff's rights;

b. Enjoin the Defendant from engaging in such conduct;

c. Award Plaintiff compensatory and punitive damages in an amount to be determined by the Court;

d. Award Plaintiff costs and attorneys' fees; and

e. Grant such further and other relief as it may deem just and proper.

## Count III
## Retaliation and/or Interference in Violation
## of the Family and Medical Leave Act

31. Plaintiff realleges and incorporates by reference, paragraphs 1 through 17, as if fully stated herein.

32. Defendant is an employer in accordance with 29 U.S.C. §2611.

33. Plaintiff was an eligible employee at the time of his disability in that he was a person entitled to leave pursuant to the FMLA, 29 U.S.C. §2611 et seq. Plaintiff had been employed with Defendant for at least twelve (12) months and had worked more than One Thousand Two Hundred and Fifty (1250) hours in the preceding twelve months.

34. Defendant had knowledge of Plaintiff's need for medical care and leave.

35. Defendant retaliated and/or took adverse action against Plaintiff due to his need for leave in violation of the FMLA 29 CFR § 825.220 to avoid its obligation to provide intermittent leave.

36. Defendant wrongfully interfered with the Plaintiff's right to take leave or to return to work at same or an equivalent position.

37. As a result of the Defendant's actions, Plaintiff has suffered extreme harm, including but not limited to loss of employment opportunities, denial of

wages, cost of medical care, compensation and other benefits and conditions of employment.

## PRAYER FOR RELIEF UNDER THE FMLA

WHEREFORE, Plaintiff prays that that this Court:

(a)     Enter a declaratory judgment that Defendant's policies, practices and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by the Family and Medical Leave Act, as amended;

(b)     Grant Plaintiff an order requiring the Defendant to make him whole by granting appropriate declaratory relief, compensatory damages (including damages for mental anguish), punitive damages, interest, attorney's fees, expenses, costs;

(c)     Award Plaintiff compensatory damages for back pay, liquidated damages, interest, and costs under the provisions of the FMLA;

(d)     Award Plaintiff costs and attorneys' fees; and

(e)     Grant such further, other and different relief, including equitable as this Court may deem just and proper.

## PLAINTIFF DEMANDS TRIAL BY STRUCK JURY

Respectfully submitted this the 15th day of December, 2022.

                s/Eric J. Artrip
                Teri Ryder Mastando (ASB-4507-E53T)
                Eric J. Artrip (ASB-9673-I68E)
                MASTANDO & ARTRIP, LLC
                301 Washington Street, Suite 302
                Huntsville, Alabama 35801
                Phone:    (256) 532-2222
                Fax:      (256) 513-7489
                artrip@mastandoartrip.com

                *Attorneys for Plaintiff*


**DEFENDANT TO BE SERVED VIA CERTIFIED U.S. MAIL:**

Fishhawk Anderson, Inc.
(c/o Alabama Registered Agent, LLC, Registered Agent),
212 W. Troy Street, Suite B,
Dothan, AL 36303.